IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANTA FE POLICE DEPARTMENT,

    Plaintiff,

v.                                                                                          No. 14-cv-0523 SMV/SCY

ONE (1) 2003 WHITE BMW CV,

    Defendant.

## ORDER TO SHOW CAUSE

    THIS MATTER is before the Court sua sponte.  Plaintiff must show cause no later than no later than August 6, 2014, why this case should not be remanded to state court for improper removal.

    This is a forfeiture case initiated by the City of Santa Fe in state court.  [Doc. 4].  The Defendant is a 2003 White BMW automobile, which the City seeks to seize pursuant to Santa Fe City Code 1987, § 24-9.  *Id.*  It appears that the claimant is Greg Solano, although Mr. Solano has not filed a claim to the automobile.  Instead, he has filed a document that purports to be a response to the City's Petition for Forfeiture and a "counter-complaint."  [Doc. 1-1] at 1–21.  In this document, Mr. Solano offers several arguments why the automobile should not be forfeited and why he should not be responsible for any fees or costs.  Additionally, Mr. Solano attempts to assert causes of action against the City for violating his rights under the New Mexico Constitution and the United States Constitution, and for violation of the New Mexico Forfeiture Act.  He further asserts that he is entitled to declaratory relief and asserts a claim for state-law negligence. *Id.*

Based on Mr. Solano's "counterclaims" under the federal constitution, the City removed the case to this Court on June 2, 2014. [Doc. 1] at 2. However, only a *defendant* may remove a case to federal court. 28 U.S.C. § 1441(a). As the Supreme Court has long held, where a defendant asserts a counterclaim against a plaintiff, the plaintiff is not entitled to remove. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Therefore, it appears that the City's removal was not proper.[1]

Additionally, this court may exercise removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have *original jurisdiction*." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180 (10th Cir. 2014) (quoting 28 U.S.C. § 1441(a) (emphasis added). Because this court did not have original jurisdiction over the action as filed by the City of Santa Fe, it appears that it removal was improper.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that no later than **August 6, 2014**, the City of Santa Fe[2] must show cause why this case was not improperly removed and, thus, why it should not be remanded to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[1] Here, the Court is not convinced that Mr. Solano is a defendant or that his claims are properly characterized as counterclaims. Rather, to the extent that he seeks the return of the automobile, he may be more properly characterized as a claimant. To the extent that he attempts to assert claims against the City, he may be required to seek court permission to act as an intervenor or he may be required to file a separate lawsuit as a plaintiff. This particular issue need not be decided today. However, to the extent that Mr. Solano's claims constitute those of an intervenor, such claims do not appear to entitle the City to remove the case. *See NCO Fin. Sys. v. Yari*, 422 F. Supp. 2d 1237, 1240 (D. Colo. 2006) (finding "that the better view and the one consistent with related Tenth Court precedent is that third party removal is impermissible under 28 U.S.C. § 1441 (c)).

[2] It is the removing party's burden to show that this Court has jurisdiction. *Huffman v. Saul Holdings, Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).